UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY MCCLOUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00422-WTL-MJD |
| | ) |
| CORIZON MEDICAL SERVICES, | ) |
| MITCHEFF Dr., MD, RAHAM Dr., MD, | ) |
| NEIL MARTIN Dr., MD, | ) |
| SAMUEL BYRD Dr., MD, | ) |
| B. RIGGS, R. ROBINSON, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Plaintiff Jeffrey McCloud filed this civil action alleging that the defendants have been deliberately indifferent to his serious medical needs. McCloud alleges that in 2005 he first injured his left hand when his arm went through a glass window causing tendon and nerve damage. In 2013, he was prescribed physical therapy and pain management. McCloud's pain continued through January 17, 2015, when he was assaulted and stabbed five times in his left shoulder and arm at Wabash Valley.

Between January 20, 2015, and August 14, 2015, McCloud was treated/evaluated six times by Dr. Byrd. Each time McCloud complained of his continuing pain.

In response to multiple health care request forms seeking "MDSC" between September-October 2015, and January-February 2016, defendant Nurse R. Riggs directed McCloud to be seen at his chronic care appointment and refused to schedule McCloud to see a doctor.

McCloud alleges that he has not been prescribed meaningful treatment for his left arm pain. He seeks compensatory and punitive damages, as well as, "appropriate treatment to correct or repair the damage that is causing the degeneration of the plaintiff's left hand." Dkt. 2 at p. 7.

## III.

"A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix*

*v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). *Farmer v. Brennan,* 511 U.S. 825 (1994). A claim based on deficient medical care must demonstrate two requirements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 114 S. Ct. at 1979. Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir.2011); *Greeno v. Daley*, 414 F.3d 645, 653–54 (7th Cir. 2005). Prison officials might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

**IV.**

Applying the standards set forth above to the allegations in this case certain claims must be dismissed while other claims shall proceed.

<u>Personal Responsibility</u>

First the **claims against Dr. Raham, Dr. Mitcheff, Dr. Neil Martin and Nurse R. Robinson are dismissed**. For each of these defendants there are no facts alleged in the complaint

upon which the Court could conclude that any of these individual defendants were deliberately indifferent to McCloud's serious medical needs. For example, there is no allegation upon which the court could conclude that any of these defendants were responsible for delay in treatment. This is particularly true because these individuals had extremely limited involvement in McCloud's treatment. Without such an allegation, the Eighth Amendment claims against the individual defendants must be dismissed.

Statute of Limitations

In addition, as to Dr. Raham and Dr. Mitcheff, they allegedly dictated the on-site physician to follow Corizon's policy regarding treatment and denied the on sight physician's request for proper treatment. The only specific factual allegation against them is that on October 17, 2013, a plan of care created by Michelle Myers, FNP-BC, included: "referral to Dr. Mitcheff for input on hand contractures for release of hand contractures after staffing with Dr. Mitcheff and Dr. Raham – if the contractures are causing wounds or significant pain in the plan of care for further CC visits indicated placing a consult request for a hand surgeon in order to have contractures released." Dkt. 2 at p.4.

Any claim based on a treatment decision in 2013 would be barred by the statute of limitations. The complaint is brought pursuant to 42 U.S.C. § 1983. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

This action was signed and filed on October 28, 2016. Such that any claim based on circumstances arising in 2013 are barred by Indiana's 2-year statute of limitations. "[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012). That is the case here, any claim against Dr. Mitcheff and Dr. Byrd is barred by the statute of limitations.

Given the foregoing, the following claims **shall proceed**:

1. McCloud has been denied proper treatment because the care sought is outside the scope of Corizon's "pre-written book of treatments" in violation of the Eighth Amendment. Dkt. 2 at p. 3.

2. Dr. Byrd is deliberately indifferent to McCloud's pain and suffering in violation of the Eighth Amendment.

3. Nurse B. Riggs is deliberately indifferent to McCloud's serious medical needs by denying or delaying his access to medical doctors in violation of the Eighth Amendment.

Corizon Medical Services, Dr. Samuel Byrd, and Nurse R. Riggs are the only defendants remaining in this action. The **clerk is directed** to update the docket to reflect that all other defendants are terminated.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Corizon Medical Services, (2) Dr. Samuel Byrd, and (3) Nurse R. Riggs in the manner specified

by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 4/20/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY MCCLOUD
120679
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Corizon Medical Services
Medical Contractor
302 W. Washington St.
Indianapolis, IN 46204

Dr. Samuel Byrd
Wabash Valley Correctional Facility
Old State Road 41
P.O. Box 500
Carlisle, IN 47838

Nurse B. Riggs
Wabash Valley Correctional Facility
Old State Road 41
P.O. Box 500
Carlisle, IN 47838

Curtesy Copy to:

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250