UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY MCCLOUD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00422-WTL-MJD |
| ) | |
| CORIZON MEDICAL SERVICES, ) | |
| SAMUEL BYRD, and B. RIGGS, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Medical Injunction**

Plaintiff Jeffrey McCloud seeks a preliminary injunction ordering "the Defendants to seek out and pursue meaningful medical attention that is required to fix the underlying cause of the plaintiff's left arm pain and migraine headaches." Dkt. 22 at 6. The defendants have objected to this motion and McCloud has filed a reply. For the reasons explained below, the motion for medical injunction, Dkt. No. 22, is **denied.**

**I. Standard of Review**

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a party must establish [1] that it is likely to succeed on the merits, [2] that it is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in its favor, and [4] that issuing an injunction is in the public interest." *Grace Schools v. Burwell*, 801 F.3d 788, 795 (7th Cir. 2015); *see Winter*,

555 U.S. at 20. "The court weighs the balance of potential harms on a 'sliding scale' against the movant's likelihood of success: the more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015). "The sliding scale approach is not mathematical in nature, rather it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Stuller, Inc. v. Steak N Shake Enterprises, Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (citation and internal quotation marks omitted). "Stated another way, the district court 'sit[s] as would a chancellor in equity' and weighs all the factors, 'seeking at all times to minimize the costs of being mistaken.'" *Id.* (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

## II. Factual Background

McCloud filed this civil action alleging that the defendants have been deliberately indifferent to his serious medical needs. McCloud alleges that in 2005 he first injured his left hand when his arm went through a glass window causing tendon and nerve damage. In 2013, he was prescribed physical therapy and pain management. McCloud's pain continued through January 17, 2015, when he was assaulted and stabbed five times in his left shoulder and arm at Wabash Valley. The wounds were superficial in nature, and he was treated for the lacerations at an outside medical facility.

The medical records reflect that McCloud has been diagnosed with radial and ulnar neuropathy for the at least the past four years. Defendant Dr. Byrd's professional medical opinion is that McCloud's symptoms and condition is not one that can be "cured" by performing a surgical

2

operation to reattach a tendon or set a broken bone. This is because McCloud's radial and ulnar neuropathy is a chronic condition caused by trauma in 2005, which has led to degeneration of McCloud's nerve endings and arm weakness. In addition, McCloud was sent out to see a neurologist who did not recommend any surgical treatment. The standard treatment for neuropathy is Neurontin and physical therapy. McCloud has seen a physical therapist and received a home exercise plan. He is also receiving a significant dose of Neurontin, along with Tylenol.

### III. Discussion

A. *Likelihood of Success on the Merits*

At this stage of the litigation, in order to receive a preliminary injunction, the plaintiff has the burden of presenting evidence to establish a reasonable likelihood of success on the merits. To prevail on his Eighth Amendment deliberate indifference medical claim, McCloud must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about his condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). The defendants argue that McCloud does not have a reasonable likelihood of success on the merits of these claims. For the reasons discussed below, the Court agrees.

The defendants do not argue that McCloud did not suffer from an objectively serious medical condition, but they do argue that there is no evidence that they were deliberately indifferent to it. "[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff 'was at serious

risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). *See Plummer v. Wexford Health Sources, Inc.*, 609 Fed. Appx. 861, 2015 WL 4461297, *2 (7th Cir. 2015) (holding that defendant doctors were not deliberately indifferent because there was "no evidence suggesting that the defendants failed to exercise medical judgment or responded inappropriately to [the plaintiff's] ailments"). In addition, the Seventh Circuit has explained that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

The defendants argue that McCloud cannot show that they were deliberately indifferent to his need for medical care because he experienced a chronic condition that was treated appropriately. The evidence here is that McCloud was diagnosed with radial and ulnar neuropathy based on a nerve conduction study. He was referred to a neurologist and his Neurotin prescription was increased to the maximum dosage allowed. McCloud has received access to physical therapy and muscle relaxers.

McCloud's disagreement with this conclusion is not enough to show deliberate indifference. *See Pyles*, 771 F.3d at 409. McCloud's reply argues that more should have been done

for him and that a variety of recommendations made in 2013 were ignored. McCloud's arguments, however, are insufficient to demonstrate a likelihood of success of the merits at this point in the proceedings. Of course, he may raise these arguments again in the briefing a dispositive motion.

   B. *Irreparable Harm, Balance of Harms, and Public Interest*

   The defendants further argue that McCloud has not shown that he will experience irreparable harm if his requested injunctive relief is not granted, that the balance of harms weighs in his favor, or that the requested relief would be in the public interest. "Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.... [T]he injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997). There is thus no evidence that McCloud will experience an injury that cannot be repaired or that is not inevitable given his diagnosis. The record shows that MCloud has been given, and continues to receive, adequate care for neuropathy. For the same reason, he has not established that the balance of the equities favors him. Finally, McCloud also has not shown that the relief he seeks would serve the public interest. Courts have held that prison administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted).

## IV. Conclusion

For the foregoing reasons, McCloud's motion for a preliminary injunction, Dkt. No. 22 must be **denied**.

**IT IS SO ORDERED.**

Date: 8/24/17

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeb Adam Crandall
BLEEKE  DILLON  CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Douglass R. Bitner
CASSIDAY SCHADE LLP
dbitner@cassiday.com

JEFFREY  MCCLOUD
120679
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only